IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON KRUMBACK,<br><br>    Petitioner,<br><br>vs.<br><br>KELLIE WASKO, Sect. of South Dakota Dept. Corr; and MARTY JACKLEY, Attorney General of South Dakota;<br><br>    Respondents. | 8:25CV258<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Petitioner Jason Krumback's ("Petitioner") Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Filing No. 1. Also before the Court are the following motions filed by Petitioner—a Motion to Stay, Filing No. 2, a Motion for Bail, Filing No. 4, a Motion for Judicial Review, Filing No. 7, and a Motion for Status, Filing No. 12. With this Memorandum and Order, Petitioner's Motion for Status is granted. The Court now conducts a preliminary review of the Petition in accordance with Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. For the reasons below, the Court will dismiss Petitioner's habeas petition for lack of jurisdiction and deny his other pending motions as moot.

## I. BACKGROUND

Petitioner is an inmate currently confined in the South Dakota State Penitentiary serving a sentence pursuant to his plea-based conviction in the circuit court of Minnehaha County, South Dakota, for witness tampering. Petitioner alleges six grounds for relief in his Petition, which, liberally construed, raise claims of ineffective assistance of counsel, prosecutorial misconduct, unreasonable seizure, and due process violations.

Petitioner has filed two previous habeas petitions in this Court regarding his South Dakota conviction, both of which were dismissed without prejudice for lack of jurisdiction. See *Krumback v. Bittinger*, No. 4:24CV3122, 2024 WL 5058608 (D. Neb. Dec. 10, 2024); *Krumback v. Reyes*, No. 4:24CV3100, 2024 WL 3327883 (D. Neb. June 18, 2024).

## II. DISCUSSION

As with his previous petitions, the Court lacks jurisdiction to entertain Petitioner's habeas petition. The Supreme Court has held that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Here, Petitioner is plainly challenging his confinement in South Dakota pursuant to a conviction in South Dakota state court. Therefore, this Court does not have jurisdiction to entertain Petitioner's habeas petition.

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which such action could have been brought. The Court finds that transfer is not appropriate here as the Court takes judicial notice that Petitioner filed a habeas petition raising the same claims alleged here in the United States District Court for the District of South Dakota on July 30, 2025, and the matter is still pending.[1] See *Krumback v. Wasko, et al.*, No. 4:25-cv-04143-KES (D.S.D.).

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28

---

[1] The Court can sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

2

U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice for lack of jurisdiction. No certificate of appealability has been or will be issued.

2. The Court will enter judgment by separate document.

3. Petitioner's Motion for Status, Filing No. 12, is granted with this Memorandum and Order.

4. Petitioner's other pending motions, Filing No. 2; Filing No. 4; Filing No. 7, are denied as moot.

Dated this 7th day of August, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3